UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN MANUEL INIGUEZ ZANDIA, | ) Case No. 2:24-cv-05423-VBF-JC |
| | ) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE WHY |
| v. | ) THE PETITION FOR WRIT OF |
| | ) HABEAS CORPUS AND THIS |
| | ) ACTION SHOULD NOT BE |
| FIDENCIO N. GUZMAN, Acting Warden, | ) DISMISSED |
| | ) |
| Respondent. | ) |
| | ) |

## I.    SUMMARY

On June 18, 2024, Petitioner Ruben Manuel Iniguez Zandia, a state prisoner proceeding *pro se*, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") that was formally filed on June 24, 2024.[1]  (Docket No. 1; Petition at 1, 8).[2]  Although not a model of clarity, the Petition appears to challenge Petitioner's 2005 conviction in Los Angeles County Superior Court, Case No. LA042497 ("2005 State Case") on the

---

[1]See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010), cert. denied, 565 U.S. 897 (2011) ("When a prisoner gives prison authorities a habeas petition or other pleading to mail to court [pursuant to the mailbox rule], the court deems the petition constructively 'filed' on the date it is signed.").  Here, as Petitioner appears to have signed the Petition on June 18, 2024, and as that is the earliest date on which he could have provided it to prison authorities for mailing, the Court deems the Petition to have been constructively filed on such date.

[2]Citations to the Petition refer to the page numbers assigned by the Court's official Case Management/Electronic Case Filing (CM/ECF) system.

following grounds:  (1) "This was a case of mistrial from the start, illegal, and very criminal.  My attorney didn't argue, I did."; and (2) "I was rushed out of the L.A. County jail before I received an answer from the appeal I petitioned."  (Petition at 1-2, 5).[3]

As explained below, it appears that the Petition is time-barred and wholly unexhausted and that Petitioner has otherwise failed to demonstrate his entitlement to relief.  Accordingly, Petitioner is ORDERED TO SHOW CAUSE by not later than January 29, 2025, why the Petition and this action should not be dismissed on the foregoing basis.

## II.    PROCEDURAL HISTORY[4]

On August 26, 2005, in the 2005 State Case, a jury convicted Petitioner of one count of second degree murder and one count of attempted willful, deliberate and premeditated murder and found true allegations that Petitioner personally and intentionally discharged a firearm causing death and that the crimes were committed for the benefit of a criminal street gang.[5]  See People v. Iniguez, 2007 WL 1532763, at *1 (Cal. Ct. App. May 29, 2007); People v. Iniguez, 2024 WL 1083084, at *1 (Cal. Ct. App. Mar. 5, 2024)  After strike and prior serious felony allegations were proven true beyond a reasonable doubt, the trial court sentenced

---

[3]In light of its substance, the Court has construed the Petition to challenge Petitioner's conviction in the 2005 State Case, but notes that the Petition includes correspondence between Petitioner and his counsel in connection with resentencing petitions in the 2005 State Case and in an apparently separate and unrelated state case – Los Angeles County Superior Court Case No. LA061115-01 ("2006 State Case").  (Petition at 9-13 (2005 State Case correspondence); Petition at 14-24 (2006 State Case correspondence)).

[4]Unless otherwise indicated, the procedural history set forth is derived from public California state court records (available via https://www.lacourt.org/ and https://appellatecases. courtinfo.ca.gov/) of which this Court takes judicial notice. See Fed. R. Evid. 201; Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

[5]The Petition asserts that Petitioner was instead convicted of involuntary manslaughter and battery.  (Petition at 2).

Iniguez to a term of 80 years to life for the murder plus a consecutive term of 70
years to life for the attempted murder. <u>People v. Iniguez</u>, 2007 WL 1532763, at *1.

Petitioner thereafter appealed to the California Court of Appeal, Second
Appellate District ("Court of Appeal") in Case No. B186450, claiming
insufficiency of the evidence and instructional, evidentiary and sentencing error.
<u>People v. Iniguez</u>, 2007 WL 1532763, at *1. On May 29, 2007, the Court of
Appeal affirmed the judgment. <u>Id.</u>

On July 2, 2007, Petitioner filed a Petition for Review with the California
Supreme Court in Case No. S153981.[6] On August 15, 2007, the California
Supreme Court denied review. The record does not reflect and Petitioner does not
assert that he sought further review in the United States Supreme Court.

On or about September 22, 2022, Petitioner filed a Petition for Resentencing
pursuant to California Penal Code 1172.6 (former section 1172.75) in the 2005
State Case. <u>See People v. Iniguez</u>, 2024 WL 1083084, at *1. On June 1, 2023, the
Superior Court denied such petition, ruling Petitioner was ineligible for relief as a
matter of law because the jury had not been instructed on felony murder or the
natural and probable consequences doctrine. <u>See People v. Iniguez</u>, 2024 WL
1083084, at *1. Petitioner thereafter appealed, and on March 5, 2024, in Case No.
B331645, the Court of Appeal affirmed. <u>Id.</u> On April 5, 2024, Petitioner filed a
Petition for Review with the California Supreme Court in Case No. S284199, and
on May 15, 2024, such court denied review. (Petition at 11).

## III.  DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States
District Courts allows a district court to dismiss a petition if it "plainly appears from
the petition and any attached exhibits that the petitioner is not entitled to relief in
the district court. . . ." Rule 4 of the Rules Governing Section 2254 Cases. Based

---

[6]The Petition appears incorrectly to reflect that Petitioner did not file a Petition for Review
with the California Supreme Court. (Petition at 3).

3

upon the Petition, including its attachments, and for the reasons discussed below, the Court orders Petitioner to show cause why the Petition and this action should not be dismissed for untimeliness, failure to exhaust, and/or for failure to state a claim meriting federal habeas relief.

**A.    Petitioner's Challenges to His Conviction in the 2005 State Case Appear to Be Time-Barred**

The Petition, as indicated above, appears to assert two claims challenging Petitioner's conviction in the 2005 State Case:  (1) "This was a case of mistrial from the start, illegal, and very criminal.  My attorney didn't argue, I did."; and (2) "I was rushed out of the L.A. County jail before I received an answer from the appeal I petitioned."  (Petition at 1-2, 5).  As explained below, the Petition appears to be time-barred.

**1.    Accrual of the Statute of Limitations**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody.  Wall v. Kholi, 562 U.S. 545, 550 (2011); 28 U.S.C. § 2244(d)(1).  The one-year limitations period runs from the latest of:  (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review (28 U.S.C. § 2244(d)(1)(A)); (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action (28 U.S.C. § 2244(d)(1)(B)); (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review (28 U.S.C. § 2244(d)(1)(C)); or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence (28 U.S.C. § 2244(d)(1)(D)).  Generally, as here, state inmates are required to file their federal habeas petitions "within one year of the date on which

4

his conviction becomes final on direct review, unless the petitioner qualifies for statutory or equitable tolling." Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016) (en banc); 28 U.S.C. § 2244(d)(1)(A).

Here, the California Supreme Court denied Petitioner's Petition for Review from the Court of Appeal's decision affirming his conviction in the 2005 State Case on August 15, 2007, and as Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court, his conviction became final 90 days later, on November 13, 2007, when the time to file such a petition expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (period of direct review in 28 U.S.C. § 2244(d)(1)(A) includes period within which petitioner can file petition for writ of certiorari in U.S. Supreme Court, whether or not petitioner actually files such petition). Thus, the one-year statute of limitations began to run on November 14, 2007, and, absent tolling, expired on November 13, 2008. Accordingly, absent tolling, the Petition, constructively filed on June 18, 2024, was filed more than fifteen years too late. See Curiel, 830 F.3d at 868 ("AEDPA requires a state prisoner to file a federal habeas petition pursuant to 28 U.S.C. § 2254 within one year of the date on which his conviction becomes final on direct review, unless the petitioner qualifies for statutory or equitable tolling"); 28 U.S.C. § 2244(d)(1)(A). 28 U.S.C. § 2244(d)(1)(A).

### 2.    Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), AEDPA's limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Allen v. Siebert, 552 U.S. 3, 4 (2007) (per curiam) (quoting 28 U.S.C. § 2244(d)(2)). Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 564 U.S. 1019 (2011). The statute of limitations is tolled only while a petitioner is properly pursuing state post-conviction relief. See Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (application "pending" as long as ordinary state collateral review process in

continuance – *i.e.*, until completion of that process; application remains "pending" until it has achieved final resolution through state's post-conviction procedures); Harris v. Carter, 515 F.3d 1051, 1053 n.3 (9th Cir.) (statute of limitations tolled for all of time during which state prisoner attempting, through proper use of state court procedures, to exhaust state court remedies with regard to particular post-conviction application) (citation omitted), cert. denied, 555 U.S. 967 (2008).  The statute of limitations is not tolled between the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case pending during that interval.  Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citations omitted).

Here, as noted above, Petitioner's conviction became final on November 13, 2007, and the statute of limitations expired on November 13, 2008.  As no properly filed application for State post-conviction or other collateral review with respect to judgment in the 2005 State Case was filed during that time frame, Petitioner is not entitled to statutory tolling.  Even assuming, for purposes of analysis, that Petitioner's Petition for Resentencing filed in 2022 would otherwise have been an appropriate predicate for statutory tolling, it cannot support statutory tolling because it was filed after the statute of limitations had already expired.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (Section 2244(d) does not permit the reinitiation of the limitations period that ended before a state petition is filed), cert. denied, 540 U.S. 924 (2003).

Accordingly, Petitioner is not entitled to any statutory tolling under Section 2244(d)(2).

### 3.    Equitable Tolling

The statute of limitations period may be subject to equitable tolling if a petitioner can demonstrate both that:  (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way.  Holland v. Florida, 560 U.S. 631, 649 (2010).  It is a petitioner's burden to demonstrate that he is entitled to equitable tolling.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002), cert.

denied, 537 U.S. 1003 (2002). It does not appear from the Petition or the current record that Petitioner has met his burden to demonstrate that he is entitled to any equitable tolling, let alone tolling sufficient to render the Petition timely.

### 4. Actual Innocence

In rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." Perkins, 569 U.S. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)). On this record, the court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329). Unexplained or unjustified delay in presenting new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 569 U.S. at 387, 399; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence].").

Here, Petitioner does not raise a claim of actual innocence and has failed to identify any such "newly discovered evidence," let alone, provide new, reliable

1  evidence to cast doubt on his conviction so as to permit the Court to consider his

2  apparently otherwise time-barred claims.

3     **5.     Conclusion**

4     For the foregoing reasons, it appears that Petitioner's challenges to his

5  conviction in the 2005 State Case are time-barred.

6     **B.     The Petition Appears to Be Unexhausted**

7     Aside from being time-barred, it appears that dismissal of the Petition and

8  this action would be appropriate because, as explained below, Petitioner's claims

9  appear to be unexhausted.

10     A habeas petitioner "must exhaust available state remedies before presenting

11  his claim to a federal habeas court." <u>Davila v. Davis</u>, 582 U.S. 521, 527 (2017);

12  28 U.S.C. §§ 2254(b) and (c).  "A petitioner satisfies the exhaustion requirement by

13  'fully and fairly presenting each claim to the highest state court.'" <u>Greenway v.</u>

14  <u>Schriro</u>, 653 F.3d 790, 801 (9th Cir. 2011) (citation omitted).

15     Here, based on the Court of Appeal decisions corresponding to the Petitions

16  for Review Petitioner filed with the California Supreme Court, it does not appear

17  that Petitioner has presented either of his current claims for relief to the California

18  Supreme Court.  <u>See</u> <u>People v. Iniguez</u>, 2007 WL 1532763; <u>People v. Iniguez</u>, 2024

19  WL 1083084.

20     Accordingly, dismissal of the Petition and this action would also be

21  appropriate based on Petitioner's failure to exhaust his current claims.

22     **C.     In Any Event, Petitioner Fails to Demonstrate His Entitlement to**
   **Relief on the Claims in the Petition**

23     Even if Petitioner's claims were not time-barred and unexhausted, Petitioner

24  otherwise fails to demonstrate his entitlement to federal habeas relief.  Petitioner's

25  claims are conclusory and vague, and are unsupported by a statement of specific

26  facts.  The claims do not meet even the most basic pleading requirements for federal

27  habeas petitions, and thus are insufficient to justify federal habeas relief.  <u>See</u> Rules

28  Governing Section 2254 Cases, Rule 2(c)(1)-(2) (federal habeas petitions must

1  "specify all the grounds for relief," and "state the facts supporting each ground");

2  see also Mayle v. Felix, 545 U.S. 644, 655 (2005) (federal habeas petitions are

3  "expected to state facts that point to a real possibility of constitutional error")

4  (citations omitted); Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995)

5  (conclusory allegations unsupported by a statement of specific facts do not warrant

6  habeas relief), cert. denied, 517 U.S. 1143 (1996); Hendricks v. Vasquez, 908 F.2d

7  490, 491 (9th Cir. 1990) (allegations that are vague, conclusory, or unsupported by

8  a statement of specific facts, are insufficient to warrant relief and are subject to

9  summary dismissal).

## IV.  CONCLUSION

In light of the foregoing, Petitioner is ORDERED TO SHOW CAUSE by not

later than **January 29, 2025**, why this action should not be dismissed for

untimeliness, failure to exhaust, and/or failure to raise a claim meriting federal

habeas relief.

Alternatively, Petitioner may request a voluntary dismissal of this action

pursuant to Federal Rule of Civil Procedure 41(a) by the foregoing deadline.  If he

elects to proceed in that manner, he may sign and return the attached Notice of

Dismissal.  However, Petitioner is advised that any dismissed claims may later be

subject to dismissal with prejudice as time-barred under 28 U.S.C. § 2244(d)(1).

///

///

///

///

///

///

///

///

///

///

9

**Petitioner is further cautioned that the failure timely to respond to this Order to Show Cause and/or to show good cause may result in the dismissal of the Petition and this action based upon Petitioner's claims being time-barred, unexhausted, and/or without merit, Petitioner's failure to comply with this Order, and/or Petitioner's failure to prosecute.**

IT IS SO ORDERED.[7]

DATED:  January 9, 2025

_____/s/_____

Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[7]The Court's determinations and order herein constitute non-dispositive rulings on pretrial matters.  To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days.  See Local Rule 72-2.1.  To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days.  A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.